UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRITTNEY MATTHEWS-JONES,<br><br>                    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:12-cv-05322-RJB-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES |

This matter is before the Court on plaintiff's filing of a motion for attorney fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"). See ECF #20. Plaintiff seeks a total of $7,299.07 in attorney's fees, an amount defendant does not contest. See ECF #23. The parties, however, disagree as to whom payment of those fees should be made. Plaintiff requests that the fees be paid directly to plaintiff's attorney, because they have been assigned to plaintiff's attorney and they are not subject to any offset under the United States Department of Treasury's Offset Program. See Astrue v. Ratliff, --- U.S. ---, 130 S.Ct. 2521 (2010).

Defendant acknowledges the record demonstrates that plaintiff has validly assigned the attorney's fees to plaintiff's attorney, but argues the government should be allowed to verify that plaintiff has no outstanding debts before determining whether it can honor the fee assignment. It may be as plaintiff asserts that she has no outstanding debts that are subject to the Department of Treasury's Offset Program. However, without any actual evidence being presented that this is so, the Court must allow the government to verify that fact before being required to honor the fee

ORDER - 1

assignment. Accordingly, the Court hereby orders as follows:

(1) Plaintiff is granted attorney EAJA attorney's fees in the amount of $7,299.07.

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in Astrue v. Ratliff, 130 S. Ct. 2521, 560 U.S. ___ (2010), payment of the above fee award shall be mailed to plaintiff's attorney D. James Tree at his address: D. James Tree, 3711 Englewood Avenue, Yakima, WA 98902.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of attorney's fees to plaintiff's attorney. Pursuant to Ratliff, the ability to honor the assignment will depend on whether the attorney's fees are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the attorney's fees are subject to any offset. If the attorney's fees are not subject to any offset, those fees will be paid directly to plaintiff's attorney D. James Tree, by check payable to him and mailed to his address.

(4) The Clerk is directed to send copies of this Order to plaintiff's counsel and defendant's counsel.

DATED this 11th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2